**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DEMETRA BAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1995 (ABJ) |
| ) | |
| MITCHELL RUBENSTEIN & ) | |
| ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Pending before the Court is the Report and Recommendation issued by Magistrate Judge Deborah A. Robinson granting in part plaintiff's two motions for attorney's fees and costs for work completed in furtherance of plaintiff's successful claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Report & Recommendation (Oct. 24, 2014) [Dkt. # 45]. Both parties objected to the Report and Recommendation. Def.'s Objections to Report & Recommendation [Dkt. # 46] ("Def.'s Objections"); Pl.'s Objections to Report & Recommendation [Dkt. # 47] ("Pl.'s Objections"). After considering the Report and Recommendation and the parties' filings, in light of the applicable standard, the Court will adopt the Report and Recommendation in its entirety. The Court will therefore grant plaintiff's motions for attorney's fees in part and will deny them in part, and will enter judgment for fees in the amount of $41,989.80, plus post-judgment interest.

## BACKGROUND

The underlying litigation centers on plaintiff's claim that defendant engaged in harassing and deceptive debt collection practices in violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*, the

District of Columbia Debt Collection Law (DCDCL), D.C. Code § 28-3814 *et seq.*, and the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.   See* Compl. [Dkt. # 1].  On February 7, 2014, after the parties briefed defendant's motion to dismiss, plaintiff accepted defendant's Rule 68 offer of judgment as to plaintiff's federal claim only.  Pl.'s Notice of Acceptance of Def.'s Rule 68 Offer of Judgment [Dkt. # 11].  The Clerk of Court entered judgment in plaintiff's favor "in the amount of $1,001.00 plus costs and expenses together with reasonable attorney fees for all claims under the Fair Debt Collection Practices Act."  Judgment on Offer & Acceptance [Dkt. # 14].

Plaintiff then filed a motion pursuant to 15 U.S.C. § 1692k(a)(3) seeking $442.95 in costs and $155,700.00 in attorney's fees for 346 hours of work on plaintiff's successful FDCPA claim at the "prevailing market rate" of $450.00 per hour.  Pl.'s Mot. for Award of Att'y's Fees and Costs [Dkt. # 15] at 2; Pl.'s Mem. in Supp. of Mot. for Award of Att'y's Fees and Costs [Dkt. # 15] ("Pl.'s 1st Fee Mot.") at 12.  Pursuant to Local Civil Rule 72.2, the Court referred the matter to a magistrate judge for preparation of a report and recommendation.  Order Referring Mot. for Att'y's Fees (Mar. 24, 2014) [Dkt. # 18].  Defendant opposed plaintiff's fee motion, arguing that plaintiff's fees were "grossly and intolerably exaggerated," and requested that the Court deny plaintiff's request in its entirety.  Def.'s Opp. to Pl.'s 1st Fee Mot. [Dkt. # 20] ("Def.'s 1st Fee Opp.") at 1.  Plaintiff subsequently requested additional fees for drafting and filing her reply to defendant's opposition, bringing her fee request to $195,332.00[1] for work expended on the complaint, the opposition to defendant's motion to dismiss, and the fee petition and reply.  Pl.'s Reply Mem. to Def.'s 1st Fee Opp. [Dkt. # 21] ("Pl.'s 1st Fee Reply") at 1.

---

1       Plaintiff revised her initial 346 hour request downward to 345.74 hours, but added an additional 110.40 hours for drafting the reply to defendant's opposition, to which plaintiff applied a twenty percent "discount."  Pl.'s Reply Mem. to Def.'s 1st Fee Opp. ("Pl.'s 1st Fee Reply") [Dkt. # 21] at 1 n.1.

In July 2014, the Court granted in part and denied in part defendant's motion to dismiss, leaving only two of plaintiff's claims under the DCDCL intact and dismissing the remainder of plaintiff's state law claims.   Order (July 8, 2014) [Dkt. # 26]; Mem. Op. (July 8, 2014) [Dkt. # 27].   In August 2014, defendant filed a motion for relief from judgment pursuant to Federal Rule 60(b)(5), arguing that the FDCPA judgment had been satisfied.   Def.'s Mot. for Relief from J. [Dkt. # 34].   Plaintiff opposed the motion.   Pl.'s Opp. to Def.'s Mot. for Relief from J. [Dkt. # 37].   The Court denied defendant's motion and noted that:

> [B]oth parties have insisted upon cluttering the docket with pleadings that fall outside the ordinary motion, opposition, and reply called for by the federal and local rules. There would be little justification for the these sorts of excessive, repetitive, and unnecessarily sharp pleadings in any case, but in this case in particular, given the nature of the allegations and the amounts at stake, there has been a particularly striking expenditure of effort and resources on both sides that has tried the Court's patience and wasted the Court's time.

Order (Sept. 11, 2014) [Dkt. # 41] at 2.   The Court then permitted plaintiff "to amend her motion for attorney's fees only to include the fees incurred in connection with her opposition to defendant's motion for relief [from judgment], but not her proposed surreply." *Id.* at 2–3.

In response to the Court's order, plaintiff submitted an amendment to her original fee request, seeking an additional $19,440.00 for 43.20 hours expended in responding to defendant's motion for relief from judgment.   Amendment to Pl.'s 1st Fee Mot. [Dkt. # 42] ("Pl.'s 2nd Fee Mot.").   Defendant opposed plaintiff's amended request, despite the fact that it was explicitly permitted by the Court, and again argued that plaintiff's fee award should be eliminated or drastically reduced because "[t]he time claimed by the Plaintiff reflects 'grossly excessive hours.'"   Def.'s Resp. to Pl.'s Supp. Fee Petition [Dkt. # 43] ("Def.'s 2nd Fee Opp.") at 2, quoting *Bell v. Prefix, Inc.*, 784 F. Supp. 2d 778, 783 (E.D. Mich. 2011).   Plaintiff, after professing to be "perplexed" by defendant's filing and considerate of the Court's admonition to

stop "cluttering the docket," nevertheless filed a six-page reply to defendant's two-page opposition, and requested an additional $5,940.00 for the 13.20 hours spent drafting that document.  Pl.'s Reply to Def.'s 2nd Fee Opp. [Dkt. # 44].

After considering the parties' many pleadings, Magistrate Judge Robinson issued a Report and Recommendation on October 24, 2014, recommending that plaintiff's initial fee request of $195,332.00 be reduced by eighty-five percent because:  (1) the hours requested for drafting and filing the complaint, the opposition to defendant's motion to dismiss, and the fee petition were significantly more than would reasonably be required for that amount of work, Report & Recommendation at 8–9; (2) plaintiff included in her request hours expended on the District of Columbia law claims, on which plaintiff did not prevail, *id.* at 9; (3) "some of the hours [plaintiff] expended had no purpose in the context of the status of this action" because the work was performed after defendant had already offered to accept judgment on the FDCPA claims, *id.* at 9–10; and (4) plaintiff's counsel failed to "heed the Court's admonition to refrain from filing submissions that are 'unnecessarily enlarge[d] with sharp attacks' on the opposing party and counsel.'"  *Id.* at 10, quoting Minute Order (Feb. 11, 2014).  The report also recommended reducing the 56.40 hours claimed in the second fee request by fifty percent, to 28.20 hours at the requested rate of $450 per hour, because plaintiff's counsel "again engaged in the tactics against which the Court cautioned, thus expending considerable unproductive activity."  *Id.* at 11.  In total, then, the Magistrate Judge recommended awarding plaintiff $41,989.80 in attorney's fees:  $29,299.80 for the first fee request and $12,690.00 for the second fee request.  The report also recommended awarding plaintiff all requested costs and post-judgment interest.  *Id.*

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, a court may refer nondispositive matters, including the award of attorney's fees, to a Magistrate Judge for resolution.[2]   Fed. R. Civ. P. 72(a); LCvR 72.2(a).   Upon referral, the Magistrate Judge "must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  Fed. R. Civ. P. 72(a); *see also* LCvR 72.2(a).   Once the Magistrate Judge issues his or her decision, any party may raise objections to that decision within fourteen days "after being served with the order."  LCvR 72.2(b); *see also* Fed. R. Civ. P. 72(a).   The district court shall review "timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."   Fed. R. Civ. P. 72(a); *see also* LCvR 72.2(c).   "Under that deferential standard, a magistrate judge's factual findings or discretionary decisions must be affirmed unless, 'although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"   *Am. Ctr. for Civil Justice v. Ambush*, 794 F. Supp. 2d 123, 129 (D.D.C. 2011), quoting *Fed. Savs. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130 F.R.D. 507, 508 (D.D.C. 1990).

---

2      Pursuant to Federal Rule of Civil Procedure 54(d), a court alternatively "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).   Under those circumstances, the court would review a report and recommendation prepared under Rule 72(b) *de novo*.  Fed. R. Civ. P. 72(b)(3); *see also* LCvR 72.3(c).  But the Court did not make a Rule 72(b) referral in this case. Rather, the Court expressly referred the attorney fee dispute to the Magistrate Judge for decision pursuant to Local Civil Rule 72.2.   Order (Mar. 24, 2014) [Dkt. # 18] ("It is ordered that the Motion for Attorney's Fees filed by plaintiff . . . is referred to a Magistrate Judge for preparation of a report and recommendation pursuant to L.Cv.R. 72.2.").   That rule permits a district judge faced with objections to a Report and Recommendation to "modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." LCvR 72.2(c); *see also* Fed. R. Civ. P. 72(a) (permitting referral of nondispositive matters to a magistrate judge and providing for modification where report is "clearly erroneous or is contrary to law").  Accordingly, that is the proper standard of review in ruling on the parties' objections to the Magistrate Judge's report.

# ANALYSIS

## I.     Attorney's Fees

### A.     Defendant's Objections

The Court begins with defendant's objections to the Report and Recommendation.  As a threshold matter, defendant incorrectly argues that the Court should review the Report and Recommendation *de novo*.  *See* Def.'s Objections at 3; Def.'s Resp. to Pl.'s Objections [Dkt. # 51] at 1–3.  Where, as here, a nondispositive matter is referred to a magistrate judge pursuant to Local Rule 72.2 or Federal Rule 72(a), the report and recommendation is reviewed under the "clearly erroneous or contrary to law" standard.  *See* LCvR 72.2(c); Fed. R. Civ. P. 72(a); *see also supra* note 2.  Rather than identifying any clear error committed by the Magistrate Judge, defendant instead offers a variety of old and new arguments for denying plaintiff's fee request outright or reducing it even further, and it asks this Court to review the Report and Recommendation's findings and conclusions anew.  Because defendant has not even attempted to show that the Report and Recommendation's findings are clearly erroneous, the Court could overrule defendant's objections on that ground alone.

However, even if defendant had properly framed its objections as assertions of clear error, defendant's arguments would not warrant modifying the Report and Recommendation. Defendant first urges the Court to deny plaintiff's fee award altogether on the grounds that the "initial fee petition is shockingly unreasonable" and that the supplemental fee petition is similarly "excessive and should shock the conscience of this Court."  Def.'s Objections at 3, 8. In support of its claim, defendant offers the following arguments:  that it is within the Court's discretion to deny plaintiff any fee award where the request is so outrageous that it "shocks the conscience," *id.* at 3–4, 8; that other district courts have completely denied fees for "far less

egregious" requests, *id.* at 4–7; and that the Report and Recommendation "failed to consider the expert testimony of Melvin Hirshman, former Bar Counsel for the state of Maryland" on this point. *Id.* at 7.

Not one of these allegations leaves the Court "'with the definite and firm conviction that a mistake has been committed,'" *Ambush*, 794 F. Supp. 2d at 129, quoting *Fed. Savs. & Loan*, 130 F.R.D. at 508, simply because the Magistrate Judge awarded any fees at all.  Neither the fact that a court *may* – but is not compelled to – exercise its discretion and decline to award fees where a request is "outrageously unreasonable," nor the fact that other courts have completely denied fee requests in other cases, warrants a finding of clear error here.  The cases cited by defendant permit, but do not mandate, rejecting an award outright and therefore cannot show that the Magistrate Judge's recommendation on that point was an abuse of discretion or clearly erroneous.[3]   The Report and Recommendation acknowledged that a magistrate judge "may indeed have discretion to" "deny any award" where a fee request is outrageous or unreasonable. Report & Recommendation at 8 n.4, citing *Carmel & Carmel PC v. Dellis Const., Ltd.*, 858 F. Supp. 2d 43, 47 (D.D.C. 2012).  However, the Magistrate Judge found that there was "no basis to exercise such discretion here," and instead went on to "[d]etermine a reasonable number of hours in accordance with the applicable authorities." *Id.*

"Ultimately the court has 'broad discretion in deciding whether attorney fees should be awarded on the particular facts of each case.'" *Poett v. U.S. Dep't of Justice*, 846 F. Supp. 2d 96,

---

3       *Savino v. Computer Credit, Inc.*, 71 F. Supp. 2d 173 (E.D.N.Y. 1999), the case cited by defendant as "most analogous" to the present case, *see* Def.'s Objections at 5–6, does not change this result.  In that FDCPA case, the court did not decline to award any fees at all, as defendant urges here.  Rather, the court engaged in a detailed analysis of the hours expended, and reduced the prevailing party's fee request of more than $34,000 to an award of $3,675.00 – roughly eleven percent of the original request.  *Savino*, 71 F. Supp. 2d at 176–77.  In light of the end result in *Savino*, the recommendation that plaintiff be awarded only fifteen percent of the first fee request and fifty percent of the second request can hardly be viewed as an abuse of discretion.

99 (D.D.C. 2012), quoting *Nationwide Bldg. Maint., Inc. v. Sampson,* 559 F.2d 704, 710 (D.C. Cir. 1977). The Court cannot find that the Magistrate Judge abused this discretion in declining to deny plaintiff's fee award in its entirety, especially in the context of the FDCPA, where "the fee award under § 1692k is mandatory in all but the most unusual circumstances." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995), citing *Graziano v. Harrison,* 950 F.2d 107, 113–14 (3d Cir. 1991). In light of the significant reduction to the total fee request recommended by the Magistrate Judge, the Court is unconvinced that the recommendation to award plaintiff any fees deviated so far from the FDCPA's reasonableness standard that it constitutes clear error or is otherwise contrary to law. *Cf. LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 906 (D.C. Cir. 1998) ("Although a district court might in some circumstances consider a fee request . . . so 'outrageously unreasonable' that outright denial of the request or an item within the request would be appropriate . . . the district court's decision to award a lesser figure than the lodestar request, rather than denying the request outright, was within the district court's discretion.") (internal citations omitted); *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1104 (10th Cir. 2010) ("We are not persuaded that the district court abused its discretion in declining to categorically strike all compensation for [plaintiff's counsel].").

Additionally, the fact that the report "failed to consider the expert testimony of Melvin Hirshman," who "examined the pleadings and motions in this case and opined that the . . . hours claimed by Plaintiff's counsel are 'excessive and shocking,'" Def.'s Objections at 7 (citations omitted), is hardly grounds for rejecting the Report and Recommendation. The Magistrate Judge engaged in an independent review of the pleadings and motions, including specific time entries on plaintiff's counsel's time sheets, in reaching the eighty-five and fifty percent reductions she applied to plaintiff's fees. *See* Report & Recommendation at 8–11. A determination of the

reasonableness of an attorney fee request – an issue which is squarely and singularly committed to the court's discretion – is not the type of "scientific, technical, or other specialized" area of inquiry that would require an expert to "help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a). The Magistrate Judge's decision not to rely on Mr. Hirshman's testimony is therefore not clear error.

The Court also notes that defendant's issues with the number of hours claimed by plaintiff are, at least in part, a result of defendant's own actions. Duplicative and unnecessary filings by defendant, especially the motion for relief from judgment and the objection to plaintiff's court-approved supplemental fee request, required plaintiff to expend additional time and effort in responding and drove up the number of hours sought in the fee petitions. *See generally* Order (Sept. 11, 2014) at 2. To deny plaintiff any fees whatsoever would reward defendant's contentious behavior, which the Court will not do. Defendant's objections on that ground are therefore overruled.

In the alternative, defendant asks the Court to reduce the hourly rate for plaintiff's counsel from $450 to $175 per hour. Def.'s Objections at 9–11. But the problem with this challenge to the Magistrate Judge's Report and Recommendation is that defendant never once objected to the $450 hourly rate when it was requested by plaintiff in her first fee motion, *see generally* Def.'s 1st Fee Opp., or to that rate when it was requested by plaintiff in her second fee motion. *See generally* Def.'s 2nd Fee Opp.; *see also* Report & Recommendation at 3 ("Defendant, in its opposition, does not appear to dispute either Plaintiff's entitlement to an award, or the hourly rate claimed by Plaintiff's counsel."). On that point, defendant claims that its argument that the fee award should be denied outright "challenge[d] not only the number of hours billed by Defendant [sic], but also the hourly rate billed by Plaintiff's counsel." Def.'s

Resp. to Pl.'s Objections at 14; *see also id.* ("[A]lthough Defendant advocates that this Court should deny any fee to Plaintiff's counsel, Defendant's opposition also puts at issue . . . the hourly rate claimed.").   But upon review of defendant's oppositions to both of plaintiff's fee motions, the Court finds that they focused exclusively – and repeatedly – on the aggregate number of hours claimed and the argument that plaintiff's fees should be denied entirely.   *See generally* Def.'s 1st Fee Opp.; Def.'s 2nd Fee Opp.   Therefore, the hourly rate issue has been waived.

"'[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district court.'"   *Aikens v. Shalala*, 956 F. Supp. 14, 23 (D.D.C. 1997), quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988).   Defendant failed to contest the reasonableness of plaintiff's hourly rate before the Magistrate Judge, and this Court will not now consider that untimely objection.   *See id.* ("[T]his court will not consider 'an argument which could have been, but inexplicably was not, presented' to the Magistrate Judge in the first instance."), quoting *Paterson-Leitch*, 840 F.2d at 991.   In any event, the Court cannot find that it was clear error for the Magistrate Judge to accept the *Laffey* matrix rate of $450.00 per hour for plaintiff's counsel's work where defendant offered no alternative rate in opposing the fee motions.

In sum, defendant has not shown that the Magistrate Judge's findings are clearly erroneous or contrary to law.   For that reason, the Court will overrule defendant's objections.

## B.     **Plaintiff's Objections**

Plaintiff's submissions are not a significant improvement over defendant's when it comes to the standard of review; indeed, plaintiff invites the Court to apply both the clear error and *de*

*novo* tests.  *See* Pl.'s Objections at 4.  While plaintiff raises a host of objections to the Report and Recommendation, she also falls short of identifying any clear errors that would warrant rejecting the Magistrate Judge's findings.

Plaintiff first asserts that the Magistrate Judge erred in reducing the fee award on the grounds that plaintiff's counsel engaged in unproductive, wasteful, and duplicative activity.[4]  *Id.* at 5–7.  The Report and Recommendation determined that the 346 hours plaintiff's counsel claims she spent "litigating the FDCPA claims in this case" constituted excessive and unnecessary effort.[5]  Report & Recommendation at 8–9 ("[I]n the context of this action, the term 'litigation' is misplaced:  the only 'litigation' in which Plaintiff engaged prior to filing [her initial fee motion] was the filing of the complaint, and the filing of an opposition . . . to the defendants'

---

[4]    Plaintiff objects that the Magistrate Judge mistakenly stated that plaintiff's opposition to defendant's motion to dismiss was "'confined to less than one page of text.'"  Pl.'s Objections at 5, quoting Report & Recommendation at 9.  Plaintiff did file a brief "Response to Defendant's Motion to Dismiss," but also filed a twenty-four page "Opposition to Defendant's Motion to Dismiss," which included seventeen pages related to the FDCPA claims on which plaintiff prevailed.  *See* Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss [Dkt. # 8] at 1–17.  Plaintiff did so notwithstanding the fact that the Local Rules of this Court require only the filing of a single memorandum of points and authorities in opposition to a motion.  *See* LCvR 7(b).  In any event, this small oversight by the Magistrate Judge is not dispositive, as the Report and Recommendation identifies a variety of reasons for recommending that plaintiff's initial and supplemental fee petitions be reduced by eight-five and fifty percent, respectively.

[5]    Plaintiff also objects to the Magistrate Judge's conclusion that plaintiff's counsel "'expressly concedes that some of the hours expended had no purpose in the context of this action,'" referring to the 87 hours plaintiff's counsel spent drafting her opposition to defendant's motion to dismiss "'in spite of the fact that Defendants had already offered to accept judgment on said claims.'"  Pl.'s Objections at 6, quoting Report & Recommendation at 9–10.  Plaintiff's counsel avers that she was unaware of the extended Rule 68 offer until after she filed the opposition.  *Id.* at 6–7.  While it may be true that plaintiff did not pick up the offer of judgment from her mailbox until January 29, 2014, two days after she filed her opposition to the motion to dismiss, the offer of judgment was delivered to the address identified by plaintiff's counsel as her law firm on January 17, 2014, well before the opposition was due.  *See* Ex. A to Pl.'s Fee Reply [Dkt. # 21-1].  Plaintiff's counsel's apparent failure to pick up this mail cannot serve as the basis for an objection to the Magistrate Judge's finding that at least a portion of the 87 hours plaintiff spent opposing the mooted motion to dismiss the FDCPA claim was wasteful or unnecessary.  Plaintiff's objection on that ground is therefore overruled.

motion to dismiss.").   After reviewing the case law and plaintiff's counsel's time sheets, the Court cannot find clear error in that determination and the subsequent fee reductions, especially in light of the degree of success plaintiff's counsel attained for her client.

In fact, the Court finds that the roughly 93 hours' worth of work for which the report recommends compensating plaintiff far more accurately reflects what would be expected for a reasonable attorney to complete those various filings.   The reductions here are reasonable and plaintiff was awarded a quite generous portion of her requested fees in comparison to similarly situated prevailing parties.   *See, e.g.*, *Beasley v. Red Rock Fin. Servs., LLC*, 589 F. App'x 138, 141, 143 (4th Cir. 2014) (finding no abuse of discretion where trial court reduced fee request of $52,120.00 to an award of $5,000.00 based on the limited statutory damages the plaintiff had recovered under the FDCPA); *Savino*, 71 F. Supp. 2d at 174, 177 (reducing the plaintiff's fee request of more than $34,000 to an award of $3,675.00 in FDCPA action).   Plaintiff benefits from the clear error standard here, and her objection on that ground will therefore be overruled.

Plaintiff further argues that the Magistrate Judge erred in reducing plaintiff's fee award for time spent on the District of Columbia claims on which plaintiff did not prevail.   Pl.'s Objections at 5, 7–9.   Plaintiff contends that she is entitled to "seek reimbursement for such claims as said claims are based on the same common nucleus of operative facts as the FDCPA claims." [6]   *Id.* at 5.   While that may be true, where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a

---

[6]   Plaintiff also argues that the reduction for time expended on the District of Columbia claims is improper because defendant did not raise that argument. Pl.'s Objections at 8.   But the Court – and the Magistrate Judge – is required to consider not only whether there are unrelated, unsuccessful claims that should be discounted from a fee award, but also whether the fee award is reasonable in light of the level of success attained for the client.   *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).   Thus, the Magistrate Judge was required to determine whether the requested fee award was reasonable in light of the limited success on plaintiff's claims and to reduce the fee award accordingly, regardless of whether defendant raised that point.

reasonable hourly rate may be an excessive amount . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).[7]  That is precisely the case here, where plaintiff's counsel sought more than $220,000 in fees for a successful FDCPA claim worth only $1,001.00 to her client.  The Magistrate Judge was therefore justified in reducing plaintiff's fee award to reflect the fact that she succeeded on only one individual claim, and the Court will not find clear error in that determination.  *See F.J. Vollmer Co. v. Magaw*, 102 F.3d 591, 599 (D.C. Cir. 1996) ("Even in cases where claims are interrelated, courts should proportion fees to the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'"), quoting *Hensley,* 461 U.S. at 435.

Plaintiff further maintains that the Magistrate Judge erred in reducing plaintiff's fee award for hours expended in drafting and filing submissions that were "unnecessarily enlarge[d] with sharp attacks" on the opposing party.  Pl.'s Objections at 9–11; *see also* Report & Recommendation at 10, quoting Minute Order (Feb. 11, 2014).  Plaintiff cites no law for her assertion that it was clear error for the Magistrate Judge – in exercising her broad discretion in awarding fees – to apply a percentage reduction to plaintiff's fee award based on the volume of unproductive and wasteful activity that violated an explicit order to be respectful in pleadings filed before the Court.  She variously argues that the Court's order only prohibited attacks on opposing *counsel*, not on the opposing *party*; that the order did not apply to the fee motions; and that "reasonable minds may differ as to whether" plaintiff's comments directed at the opposing

---

7       While *Hensley* involved a different fee-shifting statute, 42 U.S.C. § 1988, this Circuit applies that case's rule to "all federal statutes limiting fee awards to 'prevailing part[ies].'" *George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1535 (D.C. Cir. 1992), quoting *Hensley*, 461 U.S. at 433 n.7.

party constituted "sharp attacks."  Pl.'s Objections at 9–10.  None of these arguments supports a finding of clear error.

Plaintiff was twice unambiguously directed to refrain from unfounded and hyperbolic attacks on her opponent,[8] and she failed to do so.  *See* Report & Recommendation at 10–11 (describing the various instances in which plaintiff "engaged in the tactics against which the Court cautioned").  The Magistrate Judge properly exercised her discretion in determining that plaintiff was not entitled to fees for hours spent engaging in those wasteful and unnecessary actions, and that such behavior warranted a percentage reduction in plaintiff's total fee award.  *See, e.g.*, *Laborers' Int'l Union of N. Am. v. Brand Energy Servs. LLC*, 746 F. Supp. 2d 121, 126 (D.D.C. 2010) ("If a court determines that . . . waste of effort has occurred, it has the discretion to simply reduce the proposed fee by a reasonable amount without an item-by-item accounting."), citing *LaPrade v. Kidder Peabody & Co.,* 146 F.3d 899, 906 (D.C. Cir. 1998).  Plaintiff's objection on that ground is therefore overruled.

Finally, plaintiff argues that the Magistrate Judge erred in concluding that the FDCPA does not mandate a fee award in the lodestar amount.  Pl.'s Objections at 12–16.  Plaintiff argues that "the lodestar method is appropriate" in the fee-shifting context, *id.* at 12, that it is "the established method" for calculating such fees, *id.*, that it is the "prevailing method of fee calculation," *id.* at 13, and that it "is the appropriate method" for determining fees.  *Id.* at 16.  The fact that the lodestar method is *usually* the proper approach to determining fees does not

---

8       *See* Minute Order (Feb. 11, 2014) ("[T]he Court need not exercise its jurisdiction to permit parties to file pleadings that are unnecessarily enlarged with sharp attacks on counsel such as 'defendant disingenuously asserts,' or 'defendant absurdly argues,' or 'it is hard to believe that defendants would stoop to such a blatant mischaracterization.'"); Order (Sept. 11, 2014) at 2 ("There would be little justification for the these sorts of excessive, repetitive, and unnecessarily sharp pleadings in any case, but in this case in particular . . . there has been a particularly striking expenditure of effort and resources on both sides that has tried the Court's patience and wasted the Court's time.").

conflict with the Magistrate Judge's statement that it is not *mandatory* in the FDCPA context where circumstances justify a departure from the lodestar amount.  Although no court in this circuit appears to have squarely addressed the issue, the Court finds the Fourth Circuit's analysis persuasive on this point:

> [Section] 1692k does not mandate a fee award in the lodestar amount.  If the concept of discretion is to have any meaning at all, it must encompass the ability to depart from the lodestar in appropriate circumstances.  *Hensley* itself recognized that, in certain circumstances, an award in the lodestar amount may be excessive.  When "a plaintiff has achieved only partial or limited success," the district court, in calculating an appropriate fee award, "may simply reduce the award to account for the limited success."

*Carroll*, 53 F.3d at 629, quoting *Hensley*, 461 U.S. at 436–37; *accord Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) ("[I]f the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result."); *Thornton v. Wolpoff & Abramson, LLP*, 312 F. App'x 161, 164 (11th Cir. 2008) (finding no abuse of discretion where the "district court reduced the lodestar amount by 85% in the light of the nominal amount of the statutory damages award that [plaintiff] received" under FDCPA).

The Magistrate Judge did not commit clear error when she followed the guidance of the Supreme Court and the Fourth Circuit in declining to award plaintiff the full lodestar amount under circumstances where "the product of hours reasonably expended on the litigation . . . times a reasonable hourly rate" resulted in "an excessive amount" in light of the "only partial or limited success" attained by plaintiff's counsel on plaintiff's claims.  *Hensley*, 461 U.S. at 436; *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 598 & n.16 (2010) (noting that "courts have discretion in calculating reasonable attorney's fees" under the FDCPA, and that while "[m]any District Courts apply a lodestar method," those courts "permit[]

downward adjustments in appropriate circumstances"). Plaintiff's objection on this point is therefore overruled.

The Court concludes that plaintiff has failed to demonstrate that the Magistrate Judge's recommendations are clearly erroneous or contrary to law. For that reason, the Court will overrule plaintiff's objections.

## II.    Costs

Defendant also objects to the Magistrate Judge's recommendation that plaintiff be awarded $442.95 in costs, and argues that costs have already been paid to plaintiff along with the judgment of $1,001.00 in plaintiff's favor. Def.'s Objections at 12, citing Report & Recommendation at 11. Defendant has indeed presented plaintiff with a check for $1,443.95, *see* Ex. 4 to Def.'s Mot. for Relief from J. [Dkt. # 34-5], and by plaintiff's own admission, that check has been deposited in plaintiff's counsel's client trust account. Pl.'s Opp. to Def.'s Mot. for Relief from J. [Dkt. # 37] at 1 n.1. The Court will not revise the Magistrate Judge's Report and Recommendation on this point, as costs have been paid to plaintiff and this part of the report has therefore already been satisfied.

## III.    Post-Judgment Interest

The parties did not object to the Report and Recommendation's award of post-judgment interested to plaintiff. Accordingly, the Court will adopt that section of the report in its entirety.

## IV.    Additional Fees

Plaintiff requests compensation for an additional 63 hours of time spent researching and drafting the objections to the Magistrate Judge's report, Pl.'s Objections at 17, and for 44.1 hours for researching and drafting plaintiff's response to defendant's objections. Pl.'s Resp. to Def.'s Objections [Dkt # 49] at 2. Because these requests do not in any way relate to the success of

plaintiff's FDCPA claim, or to the opposition to defendant's motion for relief from judgment for which the Court authorized plaintiff to seek fees, the Court finds that these requests are "too attenuated from the adjudication of the . . . complaint to be reimbursable." *Wright v. District of Columbia*, 883 F. Supp. 2d 132, 134 (D.D.C. 2012).  Granting plaintiff an additional $48,195.00 for objecting to the Magistrate Judge's generous recommendation that plaintiff be awarded $41,989.80 is simply not warranted.  Plaintiff's request for reimbursement for these additional fees is therefore denied.

## CONCLUSION

The Court finds that neither plaintiff nor defendant has demonstrated that the Magistrate Judge committed clear error or that the Report and Recommendation was contrary to law. Therefore, the Court will adopt the Report and Recommendation in its entirety.  As a result, the Court will grant plaintiff's motions for attorney's fees in part and will deny them in part, and will enter judgment for fees in the amount of $41,989.80, plus post-judgment interest.  A separate order will issue.


AMY BERMAN JACKSON
United States District Judge

DATE:  January 6, 2015