UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRA BAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>MITCHELL RUBENSTEIN<br>& ASSOCIATES, P.c.<br><br>    Defendant. | Case No. 1:13-cv-01995-ABJ |

### MEMORANDUM IN SUPPORT OF PLAINTIFF DEMETRA BAYLOR'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Plaintiff Demetra Baylor, by and through her attorney, submits this memorandum in support of her Partial Motion for Summary Judgment on Count II of her Complaint for violations under the District of Columbia Debt Collection law as to the issue of willfulness only. As set forth below and as established in Ms. Baylor's Statement of Undisputed Facts ("SF"), Defendant Mitchell Rubenstein & Associates, LLC willfully violated DC Code §28-3814(g)(5) and DC Code §28-3814(f)(5) by sending a dunning letter directly to Ms. Baylor when it knew that she had an attorney and for misrepresenting the amounts alleged to be owed in each of the four letters sent to Ms. Baylor alleging varying amounts owed on the alleged debts. *See* SF #1 Summary judgment should therefore be granted in favor of Ms. Baylor as to the willfulness of Defendant's conduct.

## I. BACKGROUND

### A. Procedural History

Ms. Baylor filed an action against the Defendant on December 17, 2015 alleging claims under the fair Dept Collection Practices Act, the District of Columbia Consumer Protections and Procedures Act and the District of Columbia Debt Collection Law. The Defendant filed a Motion to Dismiss on January 14, 2014. The parties settled the FDCPA action through a Rule 68 Judgment entered on February 28, 2014. The Court dismissed Ms. Baylor's DCPPA claims in its July 8, 2014 Order granting in part and denying in part Defendant's Motion to Dismiss. The Court issued a scheduling order on August 18, 2014. The parties issued discovery requests prior to the close of Discovery on December 18, 2015. The Court assigned the remaining discovery issues outstanding to the Magistrate. The Magistrate issued its Order regarding discovery on July 31, 2015. The Defendant then filed the instant Motion for Summary Judgment.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate only if "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989)

## III. ARGUMENT

### A. Defendant Willfully failed to Maintain and Practice Procedures that Would Assure the Accuracy of the Amounts Claimed in Its Collection Letters

"Although the [OSHA] does not define the term 'willful," courts have unanimously held that a willful violation of the Act constitutes 'an act done voluntarily with either an intentional

disregard of, or plain indifference to, the Act's requirements.'" *Ensign-Bickford Co. v. Occupational Safety & Health Review Comm'n*, 717 F.2d 1419, 1422 (D.C.Cir.1983).

To make an inadvertent or accidental error Defendant would first have to have in place procedures reasonably calculated to avoid such error. Defendant has not put in place such procedures. SF #s 1-6. Further, rather then describe a detailed specific process as to which documents it obtains information to verify the claim amount, the identity of the creditor, the APR, the principal or the interest, Defendant merely cites whatever documents that may support its argument. The Defendant does not have a standardized process for verifying the amounts or any of the information contained in its dunning letters and relies on non-attorney employees to come up with numbers on a whim. *See* SF #6, SF #2, D's Collection Notes. Though Defendant is a sophisticated law firms that is lead by an attorney with "32 years" of experience it allows non-attorney employees to generate demand letters by entering a code that automatically prints said demand letter to then be folded and sent to the consumer. [*See* JS Depo]. Defendant does not have a standardized process in place to check for inaccuracies or to reimburse consumers for overpayment. *See* SF #29. Another non-attorney, Tinbite Tadassee conducts a "scrub" reviews the according to Ms. Shilling. [*See* JS Depo and D's Collection Notes]. Ms. Shilling also testified that she generated the first demand letter sent to Ms. Baylor and that she had not received any training during the two years that she worked for the Defendant. SF #s 27, 30. Ms. Shilling also testified that her prior firm had provided training but Defendant did not. *See* JS Depo.

The multiple justifications for the variances in the numbers claimed as amount due do not explain that if the amounts in the collection letters differs from not only the original letters that that the subsequent letter purports to be verifying but also from the Documents produced by the

alleged client. Nor does the Defendant explain the incorrect interest rates or the incorrect principal amounts and disbursements in each of the four letters sent during the very short period.

The absence of procedures by the Defendant and the indifferent and careless way it resolves issues concerning discrepancies in interest rates (SF #31) lead to the reasonable conclusion that Defendant willfully violated the District of Columbia Debt Collection Law.

**B.     Defendant Willfully Failed to Maintain and Practice Procedures that Would Prevent its Collection Letter From Being sent to Ms. Baylor who was Represented by Counsel and therefore Exhibited a Conscious Indifference to Ms. Baylor's Rights Under the DCDCL.**

Willfulness does not require an actual intent to cause injury but can be a conscious indifference to consequences under circumstances likely to cause harm. *Bohannon v. District of Columbia Dep't of Motor Vehicles*, 288 A.2d 672, 675 (D.C.1972). Although the term "willful" is not defined in the Act [FCRA], it is clear that neither malice nor evil motive need be established for a finding of "willfulness" to be made. The Court therefore believes that "willful" under the Act is demonstrated by a showing of knowingly and intentionally committed an act in conscious disregard for the rights of others." *Wiggens v. Equifax Services, Inc.*, 848 F.Supp. 213 (D.D.C. 1993) (quotations and citations omitted).

The Court ruled in relation to the D's Motion to Dismiss:

> Since the complained of August 22 letter referenced a different matter, see Ex. A to Compl., that fact may be significant in determining whether plaintiff can obtain punitive damages for the alleged violation of section 28-3814(g)(5). But it does not definitively establish that mailing the August 22 letter directly to plaintiff – who defendants knew had retained counsel as of May 21 – was consistent with section 28-3814(g)(5)'s broad proscription.

ECF #26, Order, MTD, July 8, 2014]. Plaintiff has established with evidence that Defendant knew on July 8, 2013 that Ms. Baylor was represented by counsel as to any alleged debt. SF#1,

JS Depo and Ex. 15. Defendant willfully communicated directly to Ms. Baylor even though she was represented by counsel.

Defendant also knows that if it fails to provide training to its employees who are interacting with consumers and are responsible for generating dunning letters and verifying claim amounts relating to alleged consumer debt that there is a substantial risk of errors. SF #s 2,3,4,5, 27. Further, using an automated system whereby an employee simply enters a code and a dunning letter is generated and sent without determining whether the amount claimed is accurate increases substantially the likelihood violations of the law would occur. Further, such a system failed to prevent a dunning letter from being sent to Ms. Baylor at her home. SF #s 1, 28 Defendant's employee Theresa Blom entered the code to generate the letter and such letter was sent without an attorney reviewing it before hand as is indicated in Defendant's own documents. *See* JS Depo and D's Collection Notes.

Moreover, the letter with the most mistakes, the March 26, 2013 letter, was drafted by Mitchell Rubenstein, the managing member of Mitchell Rubenstein & Associates is responsible for ensuring that the firm's policies and practices are in compliance with District of Columbia Debt Collection Law. SF #18. To make an inadvertent or accidental error Defendant would first have to have in place procedures reasonably calculated to avoid such error. Defendant has no such procedures as is evidence by its failure to produce such procedures and training materials when requested. SF #s 1-6. Defendant admitted in its Motion to Dismiss that it sent the August 22nd letter to Ms. Baylor because it was regarding a second set of loans.

Further, though Defendant in its affidavit claims computer error due to a failure to update Ms. Baylor's address, according to its own Collection Notes, Thresa Blom entered the code to

send the letter to Ms. Baylor notwithstanding the note alleged to be in Ms. Baylor's file stating do not contact. SF #28.

Ms. Baylor has proven and Defendant has admitted that it absolutely knew that Ms. Baylor was represented by counsel as to all the alleged loans as is established by multiple documents produced by the Defendant and its privilege log. *See* D's Collection Notes and D's Response to Plaintiffs Request for Admissions.

## IV. CONCLUSION

For the foregoing reasons, Ms. Baylor respectfully requests that the Court should grant her partial motion for summary judgment as she had provided evidence proving that Defendant willfully violated the District of Columbia Debt Collection Law.

DATE: August 31, 2015

Respectfully Submitted,

CONSUMER JUSTICE ESQ

By: /s/RDennis
Radi Dennis (#473921)
Counsel for PLAINTIFF
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington DC 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRA BAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> MITCHELL RUBENSTEIN & ASSOCIATES, P.C. <br><br> Defendant. | Case No. 1:13-cv-01995-ABJ |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Defendant knew that Ms. Baylor was represented by counsel as to Loan numbers 20, 21, 22, 23, 24 and 25 prior to sending the August 22, 2013. *See* DKT #28, ANSWER, ¶ 24, D's RFD, also *see* Bates #s 127, D's Collection Notes 13/07/08, JS Depo Ex. 15

2. At all times relevant, the only material, including video and audio tapes, that Defendant has pertaining to training relating to District of Columbia consumer protection laws, including the District of Columbia Debt Collection Law, are documents identified as bates numbers 161-165. *See* D's Response to RFP, ¶ 20.

3. All documents relating to the Defendant's procedures to provide verification of the alleged debt is represented by the document identified by Defendant as bates number 165. *See* D's Response to RFP, ¶ 21.

4. Jennifer Shilling, the non-attorney employee charged with communicating with Ms. Baylor and her counsel by Defendant, had never seen the documents that Defendant

represents as its training materials relating to debt collection and identified by Defendant as bates numbers 161-165. *See* JS Depo

5. Prior to the initiation of Ms. Baylor's lawsuit against the Defendant a non-attorney employee was responsible for inserting a code to generate a dunning letter to be sent to a District of Columbia consumer. *See* JS Depo

6. Defendant did not produce any other training materials, tapes or manuals regarding the training of its employees relating to the District of Columbia Debt Collection Law. *See* Magistrate April 24, 2015 Hearing Transcript

7. Plaintiff was not disbursed $5,000 on September 21, 2013 as reflected in the March 26, 2013 letter (Ex. D to Plaintiff's Complaint)." *See* D's Response to RFAs, ¶ 5

8. Exhibits A, C, D, and E to the Ms. Baylor's Complaint are true and accurate copies of the communications between the Defendant and Plaintiff." *See* D's Response to RFAs, ¶ 9.

9. Mitchell Rubenstein wrote the March 26, 2013 letter. *See* D's Response to RFAs, ¶ 11

10. Mitchell Rubenstein claims to have written the September 26, 2013 letter. *See* JS Depo Ex. 4, D's Response to RFAs, ¶ 12

11. Michael Chabrow is identified as having written the September 26, 2013 letter. *See* D's Collection Notes

12. The amounts identified as pay off and totaling $31,268.09 in the March 26, 2013 exceeds the total "Claim Amount" of $26,471.07 contained in the February 21, 2013 letter. *See* JS Depo Ex. 1-2, D's Response to RFAs, ¶ 14

13. Defendant has no training materials relating to compliance with the District of Columbia Debt Collection Law. *See* D's Response to RFP, ¶ 6.

2

14. Defendant authorized and/or ratified the Collection Letters identified as Exhibit A, Exhibit C, Exhibit D and Exhibit E to Plaintiff's Complaint." *See* D's Response to RFAs, ¶ 18

15. The true name of Defendant's firm is Mitchell Rubenstein & Associates, P.C." D's Response to RFAs, ¶ 21

16. Mitchell Rubenstein is the managing member of Rubenstein. *See* D's Dec. 1, 2014 Amended Response to RFAs, ¶ 22.

17. Rubenstein employees are under the direct supervision and control of Mitchell Rubenstein. *See* D's Dec. 1, 2014 Amended Response to RFAs, ¶ 23.

18. Mitchell Rubenstein as the managing member of Mitchell Rubenstein & Associates is responsible for ensuring that the firm's policies and practices are in compliance with District of Columbia Debt Collection Law. *See* D's Response to RFAs, ¶ 30

19. Mitchell Rubenstein as the managing member of Rubenstein is responsible for ensuring that the firm's policies and practices are in compliance with District of Columbia consumer protection laws. *See* D's Response to RFAs, ¶ 29

20. Mitchell Rubenstein authorized, approved or was aware of the Collection Letters sent to Plaintiff. *See* D's Dec. 10, 2014 Amended ANSWER to RFIs, ¶ 10.

21. The alleged accounts at issue in this litigation were assigned to Defendant through Sunrise Credit Services, Inc." *See* D's ANSWER to RFIs, ¶ 5(b).

22. Defendant sought to collect an alleged obligation involving consumer credit sales from Ms. Baylor as defined by DC Code § 28-3814(b)(1). *See* DKT #28, ANSWER, ¶ 17

23. The alleged and disputed debt arose from transactions incurred for personal, family, or household purposes and meets the definition of alleged "obligations" under DC Code: § 28-3814(a). *See* DKT #28, ANSWER, ¶ 18

24. Defendant was retained to pursue collection of the alleged debts at issue in the instant litigation. *See* DKT #28, ANSWER, ¶ 19

25. The March 26th Letter contained information materially different from the statements in the February 21st Letter. *See* DKT #28, ANSWER, ¶ 23

26. Arrowood Indemnity/Tuitiongard is not the name of the alleged creditor. *See* D's Response to RFAs

27. Jennifer Shilling also stated in sworn testimony that she was never trained by the Defendant in the two years that she had been working for the Defendant. *See* JS Depo.

28. Theresa Blom generated the August 22nd dunning letter to Ms. Baylor despite an alleged note in the Collection Notes stating do not contact. *See* JS Depo and D's Collection Notes.

29. Defendant has no procedures for returning overpayments to consumers. *See* JS Depo.

30. Jennifer Shilling also testified that she sent the February 22, 2013 demand letter to Ms. Baylor. *See* Js Depo.

31. In one instance where there was a discrepancy as to the interest rate accrual, Ms. Shilling merely suggested an interest rate to Sunrise Credit Services to which it replied "that works." *See* Collection Notes, D's Response to Plaintiffs Request for Admissions

DATE:  August 31, 2015                                         Respectfully Submitted,

                                                               CONSUMER JUSTICE ESQ

4

By: /s/RDennis
Radi Dennis (#473921)
Counsel for PLAINTIFF
CONSUMER JUSTICE ESQ
P.O. Box 57417
Washington DC 20037
Telephone: (202) 579-1243
Facsimile: (202) 644-5228
rdennis@consumerjusticeesq.com

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRA BAYLOR, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:13-cv-01995-ABJ |
| MITCHELL RUBENSTEIN ) | |
| & ASSOCIATES, P.C. ) | |
| Defendant. ) | |

## PROPOSED ORDER

On this day, the Court considered Ms. Baylor's Partial Motion for Summary Judgment and Defendant's Opposition thereto. After considering the motion and the opposition thereto

WHEREFORE, it is by this Court this _____ day of _____, hereby

ORDERED, that Ms. Baylor's Motion is GRANTED

_____  
Date

_____  
Hon. Amy Berman Jackson  
United States District Court for the  
District of Columbia