**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMETRA BAYLOR ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-01995-ABJ-GMH |
| ) | |
| MITCHELL RUBENSTEIN & ) | |
| ASSOCIATES, P.C. ) | |
| ) | |
| Defendant ) | |

<u>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**</u>

1.      Plaintiff, Demetra Baylor ("Baylor") took out six separate (6) student loans from Citibank to finance her education at Pratt Art Institute in Brooklyn, New York which led to a Master's Degree in Computer Graphics. (*Citation*- Demetra Baylor Deposition, hereinafter "Depo." at 13:3-13:11; 14:17-16:4, attached as Exhibit 1)

2.      Ms. Baylor did not repay the student loans. (*Citation*- Depo. at 14:22-15:8).

3.      The loans, designated as Loans 20-25 were subsequently transferred by assignment from Citibank to Arrowood Indemnity Company.  (*Citation* -Exhibit 1 Plaintiff's Supplemental Response to Interrogatory Number 5(C) and documents evidencing original loans and transfer of ownership, attached as Exhibit 2).

4.      On January 23, 2013, Sunrise Credit Services, Inc. ("Sunrise"), as agent and forwarder for Arrowood Indemnity Company referred the first three (3) student loans owed by the Plaintiff to Defendant. (Loans 20-22).  This referral listed the "amount forwarded" for the three loans as $26,471.07. Accompanying the referral for these three loans was an authorization for suit executed by a representative of "Arrowood Indemnity/Tuitionguard" ("Arrowood").

1

(*Citation*- Declaration of Mitchell Rubenstein, Esquire, hereinafter "MR Decl." at ¶¶ 7, 8, attached as Exhibit 3).

5.     Mitchell Rubenstein, Esquire, owner of the Defendant, has had a fifteen (15) year relationship with Sunrise.  On average, Sunrise has referred at least ten (10) collection matters for litigation to the Defendant firm each year. (*Citation*- MR Decl." at ¶ 10).

6.     During this fifteen (15) year relationship, Mr. Rubenstein has found that the "amount referred" from Sunrise to be an accurate statement as to the present balance owed on the debt. (*Citation*- MR Decl." at ¶ 11).

7.     After receiving the referral of Loans 20-22, Defendant sent the Plaintiff an initial demand letter on February 21, 2013 that included all Fair Debt Collection Practices Act disclosures and which listed the amount due of $26,471.07 (Complaint, Exhibit E- ECF. No 1).

8.     Mr. Rubenstein did not knowingly fail to include accrued interest on the amount listed on $26,471.07 on the February 21, 2013 letter. If Mr. Rubenstein had any reason to suspect that the "amount referred" was not accurate, he would have asked Sunrise or Arrowood for an explanation and/or for further information. (*Citation*- MR Decl." at ¶¶ 13, 14).

9.     On March 21, 2013, Plaintiff disputed the debt listed in the February 22. 2013 latter and demanded verification. (*Citation*-Complaint, Exhibit F- ECF No. 1).

10.     Defendant responded on March 26, 2013 by providing an itemization of the account This itemization included interest that had accrued on the loans beginning from July 18, 2011. (*Citation*- Complaint, Exhibit D-ECF No. 1).

11.     On May 21, 2013, Defendant was notified that Plaintiff was represented by Radi Dennis, Esquire as counsel in connection with the three loans subject to the February 21, 2013 letter (*Citation*- Complaint, Exhibit D-ECF No 1).

12.     Thereafter, Plaintiff's counsel entered into settlement negotiations with Defendant.   On July 8, 2013, Ms. Dennis informed the Defendant that Ms. Baylor owed additional loans (Loans 23-25) which were not included in the loans referred for litigation and explained that Ms. Baylor wanted to settle all of her outstanding student loans. (*Citation-* MR Decl." at ¶¶ 16-18).

13.     As a result, the three additional loans (Loans 23-25) that were not subject to the original referral were included in a second authorization for suit dated July 18, 2013 which Defendant received from Sunrise, as agent for Arrowood Indemnity Company.   The second referral listed an amount referred as $27,459.48. (*Citation-* MR Decl." at ¶¶ 19-20).

14.     When the second group of three loans were received by Defendant, the Defendant created a new file and listed Radi Dennis, Esquire as counsel representing Ms. Baylor. (*Citation-* MR Decl." at ¶ 21).

15.     The listing of Ms. Dennis as counsel on the file was in order to ensure that all communications relating to the second group of loans were sent to Ms. Baylor's attorney. (*Citation-* MR Decl." at ¶ 22).

16.     On August 22, 2013, an initial demand letter for the three loans (23-25) was prepared by Defendant's office to "Radi Dennis, Consumer Justice ESQ" but mistakenly listed the Plaintiff's address on the correspondence.   This mistake was caused by a computer error which resulted in the failure to update the address on the letter to reflect Ms. Dennis' mailing address. (*Citation-* MR Decl." at ¶¶ 23, 24).

17.     The August 22, 2013 letter listed the amount due as the "amount referred" in Sunrise's statement. Mr. Rubenstein did not knowingly fail to include accrued interest on the amount or otherwise misstate the amount due in this letter. Further, if Mr. Rubenstein had any

reason to suspect that the "amount referred" was not accurate, he would have asked Sunrise or Arrowood for an explanation and/or asked for further information. (*Citation*- MR Decl." at ¶ 25).

18.      On September 12, 2013, Ms. Dennis responded to the August 22, 2013 letter and demanded verification of the debt. (*Citation* - Complaint, Exhibit G, ECF No. 1).

19.      In response, the Defendant law firm provided a verification indicating that interest had accrued on the amount listed of $27,459.48 from October 21, 2011.   (*Citation*- Complaint, Exhibit C, ECF No. 1)

20.      On October 21, 2013, in response to the prior offer to settle as to the initial three accounts and the subsequent accounts referred to the Defendant law firm, a written proposal settlement was sent by the Defendant law firm to Plaintiff's counsel.  The next day, Plaintiff's counsel responded "I will be in touch." (*Citation*- MR Decl." at ¶ 27).

21.      No response to this letter was received and this lawsuit followed. (*Citation*- MR Decl." at ¶ 28).

22.      The Plaintiff felt stress when she received the Rubenstein law firm letter of February 21, 2013 demanding payment for the student loan balances (*Citation*- Depo. 12:22-13:1).

23.      Because the Plaintiff was confused by the letter, she sent a request for information as to the identity of the original creditor and the amount of the debt (*Citation*- Depo. 27:20-29:22).

24.      Other than receiving the initial two demand letters from the Rubenstein firm, and the response to her request for verification as to the first letter, Mr. Baylor did not receive any other letters, texts or e-mails from the Rubenstein firm.  (*Citation*- Depo. 50:16-51:6; 52:10-52:14).

4

25.     Plaintiff's Answers to an Interrogatory asking her to explain her unliquidated damages stated "Plaintiff has had to take time off work to address this matter as well as endured considerable mental distress, embarrassment, intimidation, intense anxiety, hopelessness, sleeplessness, desperation, vulnerable, panic, embarrassment, frustration, anxiety, fear, and worry along with the tremendous inconvenience and emotional distress."  (*Citation-* Answer to Interrogatory Number 6, Exhibit 2)

26.     Plaintiff's Answers to Interrogatories identified her economic damages as "fees relating to postage and expenses associated with increased stress and anxiety."  (*Citation-*Interrogatory Answer Number 7, Exhibit 2)

27.     When asked at her deposition about her economic damages, Plaintiff claimed she missed time from work but could not recall when she took off work. (*Citation-* Depo. 54:21-55:2).

28.     Although Plaintiff was directed to produce documents relating to her economic and non-economic damages with her at her deposition, Plaintiff did not bring any documents relating to her damages,to her deposition. (*Citation-* Amended Notice of Deposition, Exhibit 4 and Depo. 21:19-21:22).

29.     Plaintiff said that she had no reason for not bringing the requested documents to her deposition. (*Citation-* Depo. 21:1-22:2).

30.     Plaintiff refused to answer whether she was aware of any documents that she relied upon in furnishing her Answers to Interrogatories. (*Citation-* Depo. 83:10-83:12).

31.     Plaintiff refused to answer whether she has any document that supports her claim for economic damages. (*Citation-* Depo. 85:22-86:19).

32.     The Plaintiff further failed to answer a question at her deposition as to whether she had any documents supporting her claim for emotional distress. (*Citation-* Depo. 89:21-90:7).

33.     Ms. Baylor did not seek any treatment for her emotional distress. (*Citation*- Depo. 63:22-64:11).

34.     Although Ms. Baylor listed her mother and father as corroborating witnesses to distress, she explained at her deposition that she was referring to the distress that her mother and father suffered, in contrast to witnessing the Plaintiff's emotional distress. (Depo. 68:17-69:20).

35.     Ms. Baylor did not discuss the letters she received from the law firm on February 21, 2013 with anyone. (*Citation*- Depo. 59:20-59:22).

36.     The extent of Plaintiff's testimony regarding her emotional distress and other non-economic damages included "sleeplessness"; "focusing at work" "feeling intimidated" *Citation*-(Depo. 72:8-75:6).

37.     Plaintiff's claim for postage expenses relate solely to mailing documents to her attorney (Citation- Depo. 78:13-80:12).

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 321257
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this ___ day of August, 2015 to:

Radi Dennis, Esquire
Consumer Justice ESQ
P.O. Box 57417
Washington, DC 20037
rdennis@consumerjusticeesq.com
*Attorney for Plaintiff*


/s/ Ronald S. Canter
Ronald S. Canter , Esquire
*Attorney for Defendant*